**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOHN MONTESANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:22-cv-00688 |
| v. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, LLC | ) | |
| d/b/a MR. COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**NOW COMES** JOHN MONTESANTI ("Plaintiff"), by and through his undersigned

counsel, complaining of NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER ("Defendant"),

as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Real

Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 *et seq*.

2.      Plaintiff's claims arise from Defendant's repeated refusal to provide Plaintiff with

pertinent and accurate information relating to Plaintiff's mortgage loan as required by RESPA.

## JURISDICTION AND VENUE

3.      The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1) and (2) because

Defendant resides in this judicial district and a substantial part of the events or omissions giving

rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

5.      Plaintiff is a natural person, over 18-years-of-age who, at all times relevant, owned and resided at the real property located at 412-F Sea Rover Lane, Fort Walton Beach, Florida ("Property").

6.      Defendant is a prominent mortgage servicer that services mortgage loans nationwide, including Plaintiff's mortgage loan.

7.      Defendant maintains nerve-center operations and a principal place of business in Coppell, Texas.

8.      Defendant does business in Texas and maintains a registered agent in Texas.

## FACTUAL ALLEGATIONS

9.      In 1993, Plaintiff obtained a refinance mortgage loan ("Loan") from Chase Bank, secured by the Property.

10.     The Loan is an escrowed loan. Accordingly, the mortgage company is the disbursing agent for the real estate taxes associated with the Property.

11.     At all times relevant, the Property served as Plaintiff's principal residence.

12.     In 2019, Defendant began servicing the Loan.

13.     Immediately after Defendant began servicing the Loan, Plaintiff began experiencing inexplicable issues that he has never experienced with other mortgage companies.

14.     For example, Defendant began placing recurring solicitation calls to Plaintiff in an attempt to convince Plaintiff to refinance the Loan.

15.     Plaintiff answered multiple solicitation calls and advised Defendant that he is not interested in refinancing and requested that the solicitation calls cease.

16.     Despite Plaintiff's requests that the solicitation calls cease, Defendant continued to place intrusive solicitation calls to Plaintiff.

17.     In June 2021, the solicitation calls became so overbearing that Plaintiff was forced to file a lawsuit against Defendant to compel Defendant to cease the solicitation calls.

18.     After Plaintiff filed a lawsuit against Defendant, Defendant ceased sending Plaintiff mortgage statements.

19.     Instead, Defendant began sending sporadic and untimely mortgage statements to Plaintiff's counsel, which then had to forward the mortgage statements to Plaintiff.

20.     Moreover, shortly after the lawsuit was filed, Defendant (1) restricted Plaintiff's access to Defendant's online payment portal because the Loan was "in litigation," and (2) started assessing improper fees to the Loan.

21.     Specifically, in July 2021, despite restricting Plaintiff's access to its online payment portal, Defendant assessed two $19.00 "convenience fee" charges to the Loan after Plaintiff was forced to make a payment via phone.

22.     Defendant had no legal or contractual right to charge the Loan two separate $19.00 "convenience" fees; especially considering it was Defendant that unilaterally restricted Plaintiff's access to Defendant's online payment portal.

23.     On September 1, 2021, Plaintiff's counsel (1) alerted Defendant's counsel that Defendant restricted Plaintiff's access to Defendant's online payment portal, (2) notified Defendant's counsel that Defendant was assessing improper fees to the Loan; and (3) requested that Defendant send mortgage statements to Plaintiff directly.

24.     Despite Plaintiff's request for monthly mortgage statements, Defendant failed to send Plaintiff timely and regular mortgage statements.

25.     On October 19, 2021, Plaintiff sent a Request for Information ("RFI") pursuant to RESPA (Regulation X) to Defendant requesting: (1) monthly mortgage statements from September 1, 2020 through the present, and (2) escrow analysis statements from September 1, 2020 through the present.

26.     Pursuant to §1024.36(d) of RESPA (Regulation X), Defendant was required to respond to Plaintiff's RFI within 30 days (excluding holidays and weekends).

27.     On December 3, 2021, Defendant responded to Plaintiff's RFI.

28.     Defendant's RFI response did not provide Plaintiff with the documents/information requested in Plaintiff's RFI.

29.     Specifically, Defendant's RFI response only provided mortgage statements for September 2021, October 2021, and November 2021; and therefore failed to provide Plaintiff with the vast majority of the mortgage statements requested in Plaintiff's RFI.

30.     On January 7, 2022, Defendant, through its counsel, sent Plaintiff's counsel an "Escrow Review Statement" that indicated Plaintiff is entitled to an "escrow surplus check" in the amount of $409.09.

31.     On January 20, 2022, Plaintiff's counsel notified Defendant's counsel that Plaintiff has yet to receive the "escrow surplus check" in the amount of $409.09 and requested that Defendant issue the check directly to Plaintiff.

32.     On February 2, 2022, Defendant issued a mortgage statement to Plaintiff that erroneously claimed that Defendant's records indicate that Plaintiff is a "Debtor in bankruptcy."

33.     Plaintiff has never filed for bankruptcy.

34.     To date, despite multiple requests, Plaintiff has not received the "escrow surplus check" in the amount of $409.09.

## DAMAGES

35.     Plaintiff is a retired military veteran who is looking forward to paying off his mortgage and enjoying his retirement.

36.     As soon as Defendant started servicing the Loan, it has caused Plaintiff unnecessary stress, anxiety, and mental anguish.

37.     Specifically, Defendant has failed to provide Plaintiff with information regarding the Loan that Plaintiff is entitled to under the Truth in Lending Act and RESPA (e.g. mortgage statements, escrow analysis, etc.)

38.     Even when Defendant did provide information to Plaintiff, the information it provided was woefully incomplete and inaccurate (e.g. claiming Plaintiff is in bankruptcy when he is not).

39.     Defendant has continuously failed to provide Plaintiff with material information regarding the Loan.

40.     Moreover, Defendant has deprived Plaintiff of the $409.09 escrow surplus that he is entitled to.

41.     Despite multiple requests for the escrow surplus payment, Defendant has inexplicably refused to tender the surplus funds to Plaintiff.

42.     Defendant's overall conduct has caused Plaintiff monetary damages, including (1) depriving Plaintiff of the escrow surplus funds that he is entitled to; and (2) the unfair assessment of "convenience" fees that Plaintiff was forced to pay after Defendant restricted Plaintiff's access to Defendant's online payment portal.

43.    Defendant's chronic servicing errors have led Plaintiff to reasonably fear that Defendant will erroneously deem the Loan in default, which may ultimately result in an erroneous foreclosure action against Plaintiff and the Property.

44.    The balance on the Loan is approximately $5,354.44 and Plaintiff is attempting to pay off the Loan in order to get Defendant out of his life.

45.    However, Defendant has frustrated Plaintiff's ability to pay off the Loan as it has chronically failed to provide Plaintiff with accurate information regarding the Loan.

46.    Plaintiff was forced to bring this action to compel Defendant to comply with applicable mortgage servicing laws.

**PATTERN AND PRACTICE OF RESPA VIOLATIONS BY DEFENDANT**

47.    Defendant's actions are part of a pattern and practice of behavior in violation of Plaintiff's rights and in contravention of Defendant's obligations under the mortgage servicing regulations set forth in Regulation X of RESPA.

48.    At the time of the filing of this Complaint, consumers, nationally, have lodged over Six-Thousand (6,000) complaints with the Consumer Financial Protection Bureau against Defendant for issues relating to Defendant's mortgage servicing errors and/or misconduct, including complaints of Defendant's failure to comply with its obligations under RESPA.

**COUNT I –**
**VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT**

a.    **Violations of §1024.36(d)**

49.    Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

50.    Pursuant to §1024.36(d) of RESPA (Regulation X), a mortgage servicer is required to respond to a borrower's request for information by providing the borrower with the requested information within 30 days. 12 C.F.R. §1024.36(d).

51.     Defendant violated §1024.36(d) of RESPA by failing to provide Plaintiff with all the mortgage statements that Plaintiff requested in his RFI.

**b.     Violations of §1024.17(f)(2)(i)**

52.     Pursuant to §1024.17(f)(2)(i) of RESPA (Regulation X), a mortgage servicer is required to refund an escrow surplus to the borrower within 30 days from the date of the escrow analysis provided the surplus exceeds $50.00. 12 C.F.R. §1024.17(f)(2)(i).

53.     Defendant violated §1024.17(f)(2)(i) of RESPA by failing to refund Plaintiff the escrow surplus of $409.09 within 30 days of the December 2021 escrow analysis.

54.     As set forth above, despite multiple requests, Defendant has yet to issue the escrow refund to Plaintiff.

55.     As set forth above, Plaintiff was harmed by Defendant's violations of RESPA.

**WHEREFORE,** Plaintiff requests the following relief:

a.  a finding that Defendant violated §1024.36(d) and §1024.17(f)(2)(i) of RESPA;

b.  an award of actual damages;

c.  an award of statutory damages in an amount of $2,000 for each violation of RESPA;

d   an award of reasonable attorney's fees and costs; and

e.  any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 24, 2022                          Respectfully Submitted,

                                               /s/ *Mohammed O. Badwan*

                                               Mohammed O. Badwan, Esq.
                                               *Counsel for Plaintiff*
                                               Sulaiman Law Group, Ltd.
                                               2500 S. Highland Ave., Ste. 250
                                               Lombard, IL 60148
                                               Phone (630) 575-8180
                                               mbadwan@sulaimanlaw.com