UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MONTESANTI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0688-X |
| | § | |
| NATIONSTAR MORTGAGE LLC | § | |
| D/B/A MR. COOPER, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Nationstar Mortgage LLC ("Nationstar") motion for summary judgment against plaintiff John Montesanti. [Doc. 18]. For the reasons below, the Court **GRANTS** the motion.

### I. Factual Background

This case concerns a dispute between Nationstar and Montesanti regarding the servicing of Montesanti's mortgage loan. In 1998, Montesanti obtained a refinanced mortgage loan (the "Loan") from Chase Bank, and in 2019, Nationstar began servicing the Loan. After Nationstar began servicing the Loan, it reached out to Montesanti about refinancing the Loan. Montesanti alleges that he consistently declined Nationstar's refinancing suggestions, but Nationstar continued to call him. At some point, Montesanti grew so frustrated with the phone calls that he filed suit against Nationstar. After the commencement of that litigation, Nationstar began sending his monthly mortgage statements to his counsel.

1

In October of 2021, Montesanti made a request for information from Nationstar requesting a copy of each monthly billing statement issued from September 1, 2020 to October of 2021—a total of fourteen statements.   But according to Montesanti, Nationstar "only provided mortgage statements for September 2021, October 2021, and November 2021."[1]

On January 7, 2022, Nationstar sent Montesanti's counsel an "Escrow Review Statement" that indicated he was entitled to an "escrow surplus check" in the amount of $409.09.[2]   However, he alleges that he never received the escrow surplus check.

Montesanti filed the instant suit because, he argues, the alleged failure to provide mortgage statements and the alleged failure to issue the escrow surplus check violated the Real Estate Settlement Procedures Act ("RESPA").   Specifically, Montesanti brings two claims against Nationstar.   The first claim is for a violation of 12 C.F.R. Section 1024.36(d) of the implementing regulations of RESPA, which requires a mortgage servicer to respond to a borrower's request for information by providing the borrower with the requested information within 30 days.[3]   The second claim is for a violation of 12 C.F.R. Section 1024.17(f)(2)(i) of RESPA's implementing regulations, which requires a mortgage servicer to refund an escrow surplus to the borrower within 30 days from the date of the escrow analysis.[4]   Nationstar now

---

[1] Doc. 1 at 4.

[2] *Id.*

[3] *Id.* at 6; *see* 12 U.S.C. § 2601.

[4] *Id.* at 6–7.

2

moves for summary judgment, arguing that neither the facts nor the law support Montesanti's claims.

## II. Legal Standard

District courts can grant summary judgment only if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5]   A dispute "is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[6]

## III. Analysis

Following Nationstar's motion for summary judgment, Montesanti conceded that there is no private right of action for violations of the escrow payment regulation (Section 1024.17(f)(2)(i)), so he withdraws this claim.[7]   Therefore, the Court will only address the Section 1024.36(d) claim regarding the procedures and timeframes for a loan servicer to respond to a borrower inquiry.[8]

There are two summary judgment arguments on this claim.   Nationstar first argues that it sent Montesanti all the required information and, if it didn't, it was excused as duplicative of what Nationstar had already sent him.   Nationstar's second summary judgment argument is that Montesanti has no evidence of damages. The Court assumes, without deciding that, that Nationstar did not fully comply with

---

[5] FED. R. CIV. PROC. 56(a).

[6] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (cleaned up).

[7] Doc. 24 at 11.

[8] 12 C.F.R. § 1024.36.

3

Montesanti's request, but the Court ultimately agrees with Nationstar that Montesanti has no evidence of damages.

Neither party disputes that RESPA requires plaintiffs to plead and prove actual damages from an alleged violation.   Instead, they focus their arguments on the sufficiency of the alleged damages.   Nationstar alleges that Montesanti provides no evidence to demonstrate how he suffered damages from the fact that it provided only three of the fourteen requested monthly statements.

Montesanti responds that he suffered three types of damages because of Nationstar's failure to provide the other eleven monthly statements.   First, he argues he is owed monetary damages because he was deprived of escrow surplus funds and was unfairly assessed convenience fees when paying through Nationstar's online payment portal.   Second, Montesanti alleges that he suffered medical and mental anguish damages.   Third, he alleges that he should receive statutory damages.

Regarding monetary damages related to the escrow surplus funds and the convenience fees, Nationstar provides the Court with compelling evidence that it sent Montesanti the escrow surplus check,[9] and Montesanti does not dispute this.[10] Therefore, the remaining question involves the convenience fees.   Nationstar argues that Montesanti provided no evidence to explain "the unfair assessment of

---

[9] Doc. 18 at 180.

[10] Relatedly, this information also led Montesanti to concede his earlier claim regarding the escrow payment.

4

'convenience fees' that Plaintiff was forced to pay after Defendant restricted Plaintiff's access to Defendant's online payment portal."[11]   Nationstar provides the Court with all of the statements it sent to Montesanti, each of which included the following language: "ONLINE PAYEMENT. Allows you to sign into your account anytime to make a payment. There is no charge for this service."[12]   Regardless, Nationstar argues that Montesanti entirely fails to connect the convenience fees to the RESPA claim, and the Court agrees.

Regarding the mental anguish and medical damages, Montesanti alleges that Nationstar's "conduct caused [him] perpetual stress, anxiety, and mental anguish, which worsened and/or exacerbated [his] existing medical conditions."[13]   Montesanti does not direct the Court to any binding authority that deals with recovering emotional distress damages under RESPA.   Nonetheless, despite splits within the district courts of the Northern District of Texas, even if "emotional damages are recoverable under RESPA," Montesanti fails that marshal evidence of them.[14]   A plaintiff must present "direct evidence of the nature, duration, or severity of their mental anguish, thus establishing a substantial disruption in the plaintiffs' daily routine, or evidence of a high degree of mental pain and distress that is more than

---

[11] Doc. 18 at 9–10.

[12] *Id.* at 119.

[13] Doc. 24 at 9–10.

[14] *Anderson v. Wells Fargo Bank, N.A.*, No. 3:16-CV-2514-N, 2018 WL 3426269, at *11 (N.D. Tex. July 13, 2018) (Godbey, J.); *but see Steele v. Quantum Servicing Corp.*, No. 3:12-CV-2897-L, 2013 WL 3196544, at *7 (N.D. Tex. June 25, 2013) (Lindsay, J.) ("The court therefore determines that mental anguish damages are not recoverable under RESPA and do not satisfy the requirement that Plaintiffs must have suffered actual damages.").

mere worry, anxiety, vexation, embarrassment, or anger.[15]   To meet this evidentiary standard, Montesanti provides what he describes as "nearly 200 pages of medical records to support his medical damages claim,"[16] and an answer to Nationstar's Interrogatory No. 3, which reads:

> With respect to actual damages, Plaintiff states that Defendant's chronic servicing errors have led Plaintiff to reasonably fear that Defendant will erroneously deem the Loan in default, which may ultimately result in an erroneous foreclosure action against Plaintiff and the Property.    Defendant's omissions have caused Plaintiff unnecessary stress, anxiety, and mental anguish, which have worsened and/or exacerbated Plaintiff's existing medical conditions.[17]

This response simply contains conclusory statements, and does not detail the nature, duration, and severity of the mental anguish as required.   Montesanti fails to provide any evidence for the Court to see a substantial disruption to his daily routine, or evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger.   The most detail he provides is that Nationstar might make a future, separate mistake by foreclosing on his home.   And it is that hypothetical, second mistake Montesanti fears. Conclusory fears of hypothetical future mistakes cannot overcome summary judgment.

Regarding the medical records, Montesanti states that he provided Nationstar with "nearly 200 pages of medical records," but Montesanti does not provide any of

---

[15] *Geoffrion v. Nationstar Mortg. LLC*, 182 F. Supp. 3d 648, 665 (E.D. Tex. 2016).

[16] Doc. 24 at 10.

[17] Doc. 24-5 at 4.

these medical records to the Court.[18]    It takes record evidence to raise a fact dispute.   Montesanti has brought nothing to the Court.

Finally, regarding statutory damages, a court may award up to $2,000 if the defendant engaged in a "pattern or practice of noncompliance."[19]   "Because Section 2605(f)(1)(B) does not specify what constitutes a pattern or practice of noncompliance with RESPA, courts have interpreted the phrase in accordance with the usual meaning of the words to mean a standard or routine way of operating."[20]   Montesanti presents no evidence of Nationstar engaging in a pattern or practice of noncompliance.   Under these interpretive guidelines, the Court cannot say as a matter of law, based on the summary judgment record, that Montesanti has demonstrated a pattern or practice of RESPA noncompliance.

## IV. Conclusion

Based on the evidence before it, and for the foregoing reasons, the Court finds that there is no genuine dispute as to any material fact and, accordingly, the Court **GRANTS** the motion for summary judgment.   A separate final judgment will follow.

---

[18] Doc. 24 at 10.

[19] 12 U.S.C. § 2605(f)(1)(B).

[20] *Anderson*, 2018 WL 3426269, at *12 (cleaned up).

**IT IS SO ORDERED** this 31st day of May 2023.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

8